Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ANTONIO CALDERÓN PÉREZ **Apelante** | | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón |
| V. | KLAN202400134 | Civil. Núm. BYL2842023-6347 |
| MARISOL VELÁZQUEZ RECHANI **Apelado** | | Sobre: Ley número 284-1999, Ley Contra el Acecho en P.R. |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de mayo de 2024.

El 15 de febrero de 2024, el Sr. Antonio Calderón Pérez (señor Calderón o peticionario) compareció ante nos mediante un recurso de *Apelación*[1] y solicitó la revisión de una Orden de Protección que emitió y notificó el Tribunal de Primera Instancia, Sala Municipal de bayamón (TPI) el 16 de enero de 2024 al amparo de la Ley Núm. 284 del 21 de agosto de 1999, según enmendada, mejor conocida como *Ley Contra el Acecho en Puerto Rico*, 33 LPRA sec. 4013 *et seq.* (Ley de Acecho). Mediante el aludido dictamen, el TPI expidió una orden de acecho en contra del peticionario.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

---

[1] Acogemos la Apelación de epígrafe como un *Certiorari* por ser el recurso adecuado para la revisión de la determinación recurrida. Sin embargo, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asigno al caso.

Número Identificador

RES2024 _____

I.

El 30 de noviembre de 2023, la Sra. Marisol Velázquez Rechani (señora Velázquez o recurrida) solicitó una orden de protección exparte al amparo de la Ley de Acecho, *supra*, y ese mismo día, el TPI la expidió en contra del peticionario.[2] Asimismo, ordenó la celebración de una vista para el 18 de diciembre de 2023. Sin embargo, el peticionario solicitó que se reseñalara la vista debido a que tenía interés en procurar la presencia de un testigo. Así pues, el 18 de diciembre de 2023, el TPI extendió la *Orden de Protección Exparte* hasta el 16 de enero de 2024 y ordenó que se celebrara una vista en esa misma fecha.[3] Ese día se celebró la vista y en esta testificó la señora Velázquez, el señor Calderón y su testigo, el Sr. Higinio Santiago Santos, compañero de trabajo de este último. Luego de escuchar la prueba testifical presentada, el TPI le dio entera credibilidad al testimonio de la recurrida y expidió una *Orden de Protección* por el término de seis (6) meses en contra del peticionario que tendría vigencia hasta el 16 de julio de 2024.[4] Como parte de las determinaciones de hechos realizadas, el TPI expresó lo siguiente:

> Las partes son compañeros de trabajo. La peticionaria le preguntó sobre unos trabajos que peticionado hace en madera, ya que ella quiere hace runa vinera. La peticionaria le dio su número y el peticionado comenzó a escribirle para invitarla a salir. Además, hacía comentarios inapropiados a peticionaria en el trabajo. La peticionaria siente temor.

Consecuentemente, le ordenó al peticionario a abstenerse de acosar, perseguir, intimidar, amenazar o de cualquier otra forma interferir con la señora Velázquez o los miembros de su familia. Además, le ordenó al señor Ruiz a abstenerse de penetrar o acercarse al hogar de la recurrida, a su lugar de empleo, al hogar de

---

[2] Véase, págs. 1-6 del apéndice del recuso.
[3] Íd., págs. 8-11.
[4] Íd., págs. 14-19.

sus familiares, entre otros. Por último, le indicó al peticionario que no podría realizar ninguna comunicación con la recurrida mediante llamada telefónica, correo electrónico, redes sociales y mucho menos causarle daños a esta.

Inconforme con esta determinación, el 15 de febrero de 2024, el señor Calderón presentó el recurso de epígrafe y formuló

**Erró el Hon. Tribunal de Primera Instancia, Sala Municipal de Bayamón al incurrir en error manifesto al aquilatar la prueba y no cumplir con el estándar mínimo de prueba.**

**Erró el Hon. Tribunal de Primera Instancia, Sala Municipal de Bayamón al emitir una Orden de Protección cuando ya existían medidas cautelares que atendían el reclamo de la alegada víctima de acecho y se encontraba ausente el elemento del temor en el ánimo de una persona prudente y razonable.**

Además, ese mismo día, a saber, el 15 de febrero de 2024, el peticionario presentó una *Certificación Enmendada sobre Notificación* y nos informó que su representación legal junto a un emplazador, intentaron entregarle una copia ponchada del escrito de apelación a la recurrida a su lugar de trabajo, pero que esta se negó a recibirla. Añadió que, en vista de ello, estos últimos procuraron contactar al director regional del Departamento de Educación para entregarle dicho documento, sin embargo, este se encontraba fuera del país. Además, informó que el director interino se encontraba atendiendo un asunto en una escuela. Así pues, expresó que la notificación del recurso de hizo vía correo certificado con acuse de recibo. La parte peticionaria presentó evidencia a tales efectos.

Por otro lado, el señor Calderón nos solicitó presentar la transcripción de la prueba oral de la vista que se celebró el 16 de enero de 2024. De este modo, le concedimos un término para que la presentara y para que las partes la estipularan y, de ser necesario, que la parte recurrida presentara un alegato suplementario. De

igual forma, le ordenamos a la señora Velázquez a presentar su oposición en un término de diez (10) días desde que se presentara la transcripción de la prueba oral estipulada. La parte peticionaria presentó la transcripción de la prueba oral. Sin embargo, informó que la parte recurrida no tenía representación legal y no se habían podido comunicar con ella. A pesar de ello, afirmaron que le notificación a la recurrida por correo certificado con acuse de recibo la transcripción de la vista. Se presentó evidencia a estos efectos. A pesar de concederle un término a la parte recurrida para que presentara su oposición al recurso, esta nunca compareció ante nos. Así pues, declaramos perfeccionado el presente recurso y estando en posición de resolver, procedemos a así hacerlo.

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, *supra*, establece que el recurso de *certiorari* para resolver resoluciones u órdenes

interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los

tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

### III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

### IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones